UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

UNITED STATES OF AMERICA

        -against-
                      15 Cr. 733 (RWS)

ANTHONY MARSERA,
                                 <u>SENTENCING</u>
                                 <u>OPINION</u>

            Defendant.

------------------------------------------X

**Sweet, D.J.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/30/17



On November 7, 2016, Anthony Marsera ("Defendant" or "Marsera") pleaded guilty to conspiracy to import cocaine into the United States. Based on the conclusions set forth below, Marsera will be sentenced to 45 months' imprisonment, subject to the scheduled sentencing hearing on July 10, 2017.

**Prior Proceedings**

Marsera was named in a two-count indictment filed in the Southern District of New York on October 27, 2016. Count One charged that from at least in May 2014 up to and including October 2015, in Colombia and elsewhere, Marsera conspired to import into the United States and into the customs territory of

1

the United States five kilograms and more of cocaine, and conspired to manufacture and distribute the cocaine, intending and knowing that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, in violation of 21 U.S.C § 960(b)(1)(B).

Count Two charged that from at least May 2014 up to and including October 2015, in Colombia and elsewhere, Marsera attempted to manufacture and distribute five kilograms and more of cocaine, intending and knowing that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, in violation of 21 U.S.C § 960(b)(1)(B).

On March 9, 2017, Marsera allocated to his criminal conduct as charged in Count One of the indictment before the Honorable Ronald L. Ellis.

Marsera is scheduled to be sentenced on July 10, 2017.

**The Sentencing Framework**


In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

> (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)  the need for the sentence imposed —
>
> > (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B)  to afford adequate deterrence to criminal conduct;
> >
> > (C)  to protect the public from further crimes of the defendant; and
> >
> > (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3)  the kinds of sentences available;
>
> (4)  the kinds of sentence and the sentencing range established for —
>
> > (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

3

(5)   any pertinent policy statement [issued by the
      Sentencing Commission];

(6)   the need to avoid unwarranted sentence
      disparities among defendants with similar
      records who have been found guilty of similar
      conduct; and

(7)   the need to provide restitution to any victims of
      the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all
the facts appropriate for determining a sentence, whether that
sentence is a so-called Guidelines sentence or not. See Crosby,
397 F.3d at 114-15.


## The Defendant

The Court adopts the facts set forth in the Presentence
Investigation Report ("PSR") with respect to Defendant's
personal and family history.


## The Offense Conduct

The Court adopts the facts set forth in the PSR with
respect to the offense conduct. These facts are summarized, in
brief form, below.

An investigation revealed that since approximately September 2014, Marsera was a member of a drug trafficking organization that transported multi-kilogram quantities of cocaine via maritime vessels from Colombia to the United States and elsewhere.  In September 2014, Marsera asked a confidential source ("CS") working for the Drug Enforcement Agency ("DEA") to loan him approximately $10,000 to purchase fuel for a vessel that was being used to transport cocaine. In November 2014, during a lawfully recorded telephone call between Marsera and the CS, Marsera asked the CS to meet him in Colombia to discuss a cocaine transaction.

Later that month, during a lawfully recorded meeting between Marsera and the CS in Colombia, Marsera agreed to sell five kilograms of cocaine to the CS for $20,000, which the CS would import and distribute in the United States. After the meeting, Marsera sent the CS a Facebook communication indicating that he had made the arrangements to obtain the five kilograms of cocaine. At a second lawfully recorded meeting in Colombia, Marsera asked the CS to pay him $15,000 before the CS received the cocaine. Marsera also provided the CS with the names of eight individuals to whom Marsera wanted the CS to transfer those funds in a series of structured transactions. Law enforcement agents transferred $15,000 from the United States to

the individuals in Colombia identified by Marsera via eleven separate transactions.

In a lawfully recorded telephone call, Marsera told the CS that he had received the funds. He later requested that the CS pay in full for the cocaine before he received it. Law enforcement agents transferred $5,000 from the United States to the individuals in Colombia identified by Marsera in approximately three separate transactions. Marsera never provided any of the promised cocaine to the CS.

Marsera was arrested in Colombia on November 23, 2015. He was extradited to the United State and arrested in the Southern District of New York on November 10, 2016.

## The Relevant Statutory Provisions

For Count One of the indictment, to which Marsera pleaded guilty, the minimum term of imprisonment is 10 years and the maximum is life. 21 U.S.C. §§ 963 and 960(b)(1)(B). However, Marsera appears to meet the criteria set forth in 18 U.S.C. §§ 3553(f)(1)-(5); therefore, the Court shall impose a sentence pursuant to the Guidelines without regard to the statutory minimum. The maximum fine is $10,000,000. *Id.* The offense is a

Class A Felony. 18 U.S.C. § 3559. A special assessment of $100 is mandatory. 18 U.S.C. § 3013. The Court must impose a term of supervised release of at least five years, up to life. 21 U.S.C. §§ 963 and 960(b)(1)(B). The defendant is not eligible for probation. 18 U.S.C. § 3561(a)(1).

## The Guidelines

The 2016 edition of the United States Sentencing Commission Guidelines Manual, incorporating all Guideline amendments, has been used in this case for calculation purposes. U.S.S.G. § 1B1.11.

The Guideline for 21 U.S.C. § 960(b)(1)(B) is found in U.S.S.G. § 2D1.1. Pursuant to 2D1.1(a)(5), because Marsera conspired to import five kilograms of cocaine into the United States the base offense level is 30. Two levels are deducted because Marsera meets the criteria set forth in subdivisions (1) through (5) of subsection (a) of § 5C1.2 for the limitation on the applicability of statutory minimum sentences in certain cases. U.S.S.G. § 2D1.1(b)(17). The adjusted offense level is 28.

Because Marsera has demonstrated acceptance of responsibility for the offense and because he gave timely notice of his intention to enter a guilty plea, a two-level sentence reduction pursuant to Section 3E1.1(a) applies and a one-level reduction pursuant to Section 3E1.1(b) applies. The total combined offense level is 25.

Marsera has no criminal history points; therefore, the Criminal History Category is I.

Based on the total offense level of 25 and a Criminal History Category of I, the Guideline imprisonment range is 57 to 71 months. U.S.S.G. Ch. 5, Pt. A. As Count One is a Class A felony, the Guideline range for a term of supervised release is five years. U.S.S.G. § 5D1.2(c). However, Marsera appears to meet the criteria set forth in § 5C1.2; therefore, the term of supervised release shall be two to five years. U.S.S.G. § 5D1.2(a)(1). Ordinarily, no term of supervised release should be imposed in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment. U.S.S.G. § 5D1.1. Marsera is ineligible for probation. U.S.S.G. §§ 5B1.1(b)(1)-(2).

The fine range identified in the Guidelines is $10,000 to $10,000,000. U.S.S.G. If Defendant is convicted under a statute authorizing (a) a maximum fine greater than $250,000, or (b) a fine for each day of violation, the Court may impose a fine up to the maximum authorized by statute. U.S.S.G. §§ 5E1.2(c)(4) and 5E1.2(h)(1).

Costs of prosecution shall be imposed on Defendant as required by statute. U.S.S.G. § 5E1.5. In determining whether to impose a fine and the amount of such a fine, the Court shall consider, among other factors, the expected costs to the Government of any term of probation, or term of imprisonment and term of supervised release imposed. U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated June 24, 2016, provides a daily cost of $88, a monthly cost of $2,665, and an annual cost of $31,976 for imprisonment.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in

18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), having considered the Guidelines and all of the factors set forth in § 3553(a), and having reviewed the Presentence Investigation Report and sentencing submission from Marsera asking for credit for his year of time served in a prison facility in Colombia, the Court will impose a sentence below the Guidelines range.

## The Sentence

For the instant offenses, Anthony Marsera shall be sentenced to 45 months' imprisonment on Count One.

Marsera shall forfeit to the United States any and all property constituting or derived from any proceeds Marsera obtained directly or indirectly as a result of the offenses and any and all property used or intended to be used in any manner or part to commit or facilitate the offenses.

10

It is so ordered.


New York, NY
June 20, 2017

_____
ROBERT W. SWEET
U.S.D.J.